# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| THOMAS BOATRIGHT, ET AL., <br> Plaintiffs, <br> v. <br> FORD MOTOR COMPANY, <br> Defendant. | Case No. 18-cv-03157-BLF <br><br> **ORDER GRANTING MOTION TO REMAND** <br> [Re: ECF 12] |

Defendant Ford Motor Company[1] removed this action from the Santa Clara County Superior Court on diversity grounds. ECF 1. Plaintiffs Thomas and Diane Boatright now move to remand the action. ECF 12. The Court finds that the motion is appropriate for submission without oral argument. *See* Civ. L.R. 7-1(b). This Court holds that Defendant has failed to establish that the amount in controversy exceeds $75,000 and thus GRANTS the motion to remand.

## I. BACKGROUND

Through this action, Plaintiffs Thomas and Diane Boatright ("Plaintiffs") seek recovery from Defendant Ford Motor Company ("Defendant") under California's Lemon Law, which aims to protect purchasers of vehicles from sour deals. *See* Cal. Civil Code § 1793.2, *et seq.*[2] In December of 2012, Plaintiffs purchased a 2013 Ford Escape, which was manufactured and distributed by Defendant. Compl. ¶ 6, ECF 1. Plaintiffs allege that the vehicle was accompanied by an express warranty from Defendant through which Defendant promised to repair the vehicle if it developed a defect within the warranty period. *Id.* ¶ 7. During the warranty period, Plaintiffs' vehicle allegedly developed defects, *id.* ¶ 8, but Defendant was unable to repair the vehicle to

---

[1] The Complaint also names several unidentified Doe defendants.
[2] All statutory references in this Order are to the California Civil Code unless otherwise noted.

conform with the warranty, and thus failed to provide the promised lemon aid, *id.* ¶ 9.

Plaintiffs filed their Complaint in Santa Clara County Superior Court on September 6, 2017, alleging the following six causes of action: (1) Violation of § 1793.2(d); (2) Violation of § 1793.2(b); (3) Violation of § 1793.2(a)(3); (4) Breach of Express Written Warranty under §§ 1791.2(a) and 1794; (5) Breach of Implied Warranty of Merchantability under §§ 1791.1 and 1794; (6) Violation of the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; and (7) Fraud by Omission. *See generally* Compl. Plaintiffs claim that Defendant failed to provide them restitution or a replacement vehicle as required under 1783.2(d) and 1793.1(a)(2). They also allege various other ways in which Defendant failed to comply with the law. *See id.* ¶¶ 18–19, 21, 24, 36, 39, 47. The only specific amount of damages they alleged is $25,000. *Id.* ¶ 11. But they also allege that, for various reasons, they are entitled to a penalty against Ford of two times their actual damages. *Id.* ¶¶ 9–13, 19, 22, 26. Nowhere do they allege the actual price they paid for the vehicle.

The action then proceeded in state court for some eight months. In April 2018, after filing a demurrer and motion to strike, Defendant sent Plaintiffs an offer of settlement, offering Plaintiffs "$75,001.00, inclusive of any and all attorney's fees and civil penalties—but exclusive of any interest and costs" in exchange for a dismissal with prejudice and release of any past, present, or future claims related to the vehicle. Mortenson Decl, Ex. A, ECF 1-1. Plaintiffs sought a two-week extension to consider the offer, but ultimately never accepted or explicitly rejected the offer before the time to do so expired. *Id.* ¶ 4–6. Immediately following this implicit rejection, Defendant filed its notice of removal based on diversity jurisdiction. ECF 1 ("Not."). As to the amount in controversy, Defendant conceded that it did not know what amount Plaintiffs paid for their vehicle, because it did not have access to the sales contract, and also that the Complaint does not contain numerical figures sufficient to calculate the amount in controversy. *Id.* ¶¶ 9, 11. It thus relied solely on the $75,001 settlement offer to establish the amount in controversy. *Id.* ¶ 16.

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United

2

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Where the complaint does not specify the total amount in controversy, the defendant must prove "by a preponderance of the evidence" that the requirement is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). To determine whether the defendant has met its burden, the district court may consider external evidence. *See Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011).

If the district court determines that it lacks jurisdiction, the action must be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1447). The Ninth Circuit recognizes a "strong presumption against removal." *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Thus, "'the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus*, 980 F.2d at 566).

## III. DISCUSSION

### A. Amount in Controversy

The Court has reviewed the complaint, Defendant's notice of removal, and the briefing on this motion and concludes that remand is necessary here because Defendant has failed to prove by a preponderance of the evidence that the amount in controversy requirement is met. For this reason, the Court declines to address Plaintiffs' other arguments.[3]

---

[3] Defendant did not attempt to establish federal question jurisdiction based on Plaintiffs' claims under the Magnusson-Moss Warranty Act. The Magnusson-Moss Warranty Act also contains an amount in controversy requirement, but of only $50,000. *See* 15 U.S.C. § 2310(d)(3)(b). For the same reasons it fails to meet the $75,000 threshold, Defendant fails to meet this lower threshold. As such, the Court lacks federal question jurisdiction as well. *See Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *6 (C.D. Cal. Nov. 4, 2016) (remanding case for lack of federal question jurisdiction because complaint extremely similar to the one here did not allege $50,000 amount in controversy).

3

As an initial matter, both sides agree that the sole piece of evidence used to establish the amount controversy here is Defendant's $75,001 settlement offer. *See* Mot. at 1, ECF 12 ("Ford marshals a single bit of 'evidence': the Plaintiff did not accept Ford's $75,001 settlement offer . . . ."); Opp'n at 4, ECF 14 ("The only competent evidence before the court regarding the amount in controversy is that Plaintiffs unambiguously rejected Ford's $75,001 settlement offer . . . ."); *see also* Not. ¶ 16 (relying on settlement offer only to establish amount in controversy). Thus, the question at issue is whether Defendant's $75,001 settlement offer alone establishes the amount in controversy by a preponderance of the evidence.

Plaintiffs argue that their rejection of Defendant's offer can establish the amount in controversy only if Defendant can prove that Plaintiffs rejected the offer "on the grounds that the amount is insufficient, and not for any other reason." Mot. at 4. If the offer was rejected for any other reason, the rejection cannot establish that the amount in controversy is greater than the offered amount. *Id.* at 4. Plaintiffs then argue that they rejected Defendant's offer not because the amount was too low, but rather because the offer was "vague, ambiguous, and invalid," for myriad reasons, including because Ford did not indicate whether it would accept liability, "did not indicate whether Plaintiff would be deemed the prevailing party" (as is relevant to an attorneys' fees determination under relevant law), "did not specify the timing of payment," and "conditioned the settlement on the acceptance of a vague and ambiguous release whose terms Ford never disclosed." *Id.* at 5. And Plaintiffs argue that even if Defendant's offer were valid, it cannot establish the amount in controversy because the offered amount was arbitrary, as reflected by the amount itself (just $1 above the threshold for the amount in controversy) and by Defendant's admission that it could not determine the damages amount for purposes of removal. *See* Reply at 1–3, ECF 15.

Defendant counters that rejection of the offer can establish the amount in controversy whether or not it can prove that Plaintiffs rejected it solely because of the amount offered. *See* Opp'n at 4. It also seems to argue that this is true whether or not the offer was invalid, but ultimately contends that the offer was valid, as evidenced by Plaintiffs' request for an extension to consider it and their failure to raise any objections to its validity or to request clarification of the

4

allegedly ambiguous terms. *Id.* at 5. Finally, it notes that "Plaintiffs fail to present any evidence to dispute that the amount in controversy is more than $75,000," *id.* at 4, and that they "fail to provide any evidence . . . to rebut Ford's evidence," indicating that Ford has met its burden of proving the amount in controversy by a preponderance of the evidence, *id.* at 5. Notably, Defendant provides no evidence in support of its choice of $75,001 as an offer, admitting that it still does not have access to the vehicle sales contract. *Id.* at 9–10. And it cites not a single case to support the proposition that a defendant's settlement offer (as opposed to a plaintiff's demand) can sufficiently establish the amount in controversy.

The Ninth Circuit has held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam). Assuming without deciding that this rule applies with equal force to settlement offers by a *defendant* (as opposed to a *plaintiff*, as was at issue in *Cohn* and every case this Court reviewed that cites *Cohn* for this rule of law), the Court agrees with Plaintiffs that Defendant has failed to meet this requirement. Defendant has effectively conceded that it has no real knowledge of the amount in controversy in this case: In its notice of removal, Defendant states that "it is unsure of the exact amount Plaintiffs paid for [the vehicle]," Not. ¶ 6, though it also states conclusorily that it is "informed and believes" that Plaintiffs paid more than $30,000 for the vehicle and seek more than $100,000 in damages, *id.* ¶ 10. The Complaint for its part alleges only that Plaintiffs seek $25,000 in damages and penalties equal to two-times that amount. Compl. ¶¶ 11, 13. But Defendant does not argue that these allegations establish the amount in controversy here. This makes sense, because any such argument would be time-barred. These allegations, if sufficient, are clear from the face of the complaint, and any notice of removal relying on them must be made within thirty days of receipt of the complaint under 28 U.S.C. § 1446. Defendant did not comply with this requirement.

Now in this Court, Defendant fails to provide any evidence to support its chosen offer of $75,001 and admits that it still does not know the value of the vehicle. *See* Opp'n at 9. Indeed, the offer number itself—a mere $1 over the amount in controversy threshold—suggests that Defendant simply manufactured the number out of whole cloth. But Ford cannot fabricate lemons

5

in an attempt to make lemonade. Without additional evidence to ground the offer, this Court cannot find that rejection of the offer reasonably serves as evidence of the amount in controversy. Because Ford fails to offer any additional evidence to establish the amount in controversy, this case must be remanded for lack of subject matter jurisdiction.

### B. Request for Jurisdictional Discovery

In its opposition, Defendant requests that this Court allow for jurisdictional discovery before remanding the case. Opp'n at 10. "A district court is vested with broad discretion to permit or deny [jurisdictional] discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002)). Moreover, remanding without providing an opportunity for jurisdictional discovery serves the important interest of "guarding against premature and protective removals." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691–92 (9th Cir. 2006) (internal quotation marks and alteration omitted); *see Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

Here, Defendant has not demonstrated that it would be prejudiced without jurisdictional discovery. Just as it removed the case within 30 days of what it wrongly believed to be an indication of the amount in controversy (the settlement rejection), so too can it ostensibly attempt removal again within 30 days of learning facts that actually serve to establish the amount in controversy in this case[4]—for example, once it receives a copy of the sales contract. This decision comports with the policy of discouraging premature removals, as Defendant's settlement offer of $1 over the threshold limit seemingly aims to achieve exactly what that policy guards against.

Accordingly, this Court declines to allow for jurisdictional discovery.

### IV. ORDER

For the foregoing reasons, the Court REMANDS this case back to the Santa Clara Superior Court for lack of subject matter jurisdiction.

---

[4] The Court provides no opinion on whether such an attempt would be successful, including as to whether any such attempt would be judicially estopped, as Plaintiff argues here. *See* Mot. at 7–10.

6

The Clerk shall REMAND this case to Santa Clara Superior Court. All other matters are TERMINATED and VACATED, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 17, 2018

BETH LABSON FREEMAN
United States District Judge